KERCHEVAL vs. WOOD & LUTHER.

Since the act of 1851, (L. 1851, pp. 84, 85,) the interest of any purchaser of Primary School Lands holding by certificate of purchase is liable to levy and sale under execution.

Case reserved from the Wayne Circuit in Chancery.

The bill in this cause was filed in aid of an execution issued on behalf of the complainant against the defendant, and levied upon the interest of the defendant, Wood, in certain real estate, known as "Primary School Land," sold to him by virtue of the act of March 21, 1837, for the sale of "Pri-

mary School Land." A certificate of purchase had been delivered to Wood, dated Sept. 5, 1837. No patent had been issued, and it did not appear that the amount due the State was fully paid. The bill embraced other matters not material to be stated. There was a general demurrer under which the question arose, whether, and to what extent, if at all, the interest of the defendant, Wood, was subject to levy and sale under execution.

*Sidney D. Miller*, for complainant.

1. Under the statute, (§ 1, *ch.* 79, *p.* 317, *R. S.*,) every interest in land susceptible of present absolute transfer by the party, may be sold on execution. By § 3, ch. 1, p. 36, R. S., " the words *real estate*, shall be construed to include lands, tenements, real estate, and *all rights thereto and interests therein*." The statute first cited embraces all interests in real estate, except such as are known as merely *equitable interests*. The interest of a purchaser of School Lands under the act of 1837, must be legally construed to constitute an estate in *fee simple*. It is such if a present estate of inheritance passes by the certificate, (*R. S.* 250, § 2.) The term is *present*, not *executory;* the land is sold, not agreed to be sold. By it, an estate of inheritance passes; it goes to the heirs upon the death of the purchaser. (*S. L.* 1837, 209, §§ 11, 12, *and* 13.) Estates in fee may be absolute and conditional. This is conditional, and by the statute, the position of the purchaser is analogous to both that of the holder of a certificate of the public lands of the United States, and also to that of a purchaser who receives a deed, and mortgages back for the purchase money. In both cases, no doubt, the fee rests at once in the purchaser, without in one case obtaining a patent, or in the other, a discharge of the mortgage. (*Carroll* vs. *Safford*, 3 *How. U. S. R.* 441; *Landes* vs. *Brant*, 10 *Ib.* 348; *Jackson* vs. *Williams*, 10 *Ohio*, 69; *Bond* vs. *Swearingen*, 1 *Harr.* 395.)

Whatever may be the nature of the estate, the subjoined cases show that the mere interest in possession, if nothing more, may be levied on. (*Jackson* vs. *Scott*, 18 *J. R.* 94; *Jackson* vs. *Parker*, 9 *Cow.* 73; *Jackson* vs. *Walker*, 4 *Wend.* 462; *Miner* vs. *Wallace*, 10 *Ohio*, 403; *Jackson* vs. *Williams*, *Ib.* 69; 3 *Paige*, 219.)

*Hunt & Newberry*, for defendants.

The interest of the defendant, Wood, was a mere equitable interest, and not liable to execution. (1 *J. Ch. R.* 52; 17 *J. R.* 361–366; 2 *Blackf.* 431.). There are, it is true, two cases in New York, (18 *J. R.* 94; 9 *Cow.* 73,) ruling that an equitable interest, coupled with actual possession, may be taken in execution, but they are distinguishable from the present in this, that it appears by the cases themselves that the possession only, and not the equitable title, is affected by the levy, and such possession can only be taken on the technical ground at law, that one in possession is estopped from denying his title; a ground that does not reach this case, because, here, the bill itself shows what the title is. But with these two exceptions, the authorities are uniform, that the interest of a purchaser without a deed, and who has not paid all the purchase money, cannot be taken, although the purchaser is in possession. (3 *Paige*, 219; 6 *Hill*, 525; 5 *Cow.* 485; 2 *Barb. S. C.* 458.) Possession is part of the interest, and cannot be severed from it, and sold. (*See* 2 *Ired. Ch. R.* 45; 4 *Ib.* 494; 5 *S. & M.* 730; 1 *Bibb.* 307; 13 *Ala.* 192–360.)

But even if the possession under a contract for purchase, can be separated from the interest, it becomes such an estate as cannot be reached by execution under our statute. (*Proprietor, &c.*, vs. *McFarlan*, 12 *Mass.* 324; *Doolittle* vs. *Eddy*, 7 *Barb. S. C.* 76; 3 *Kent*, 452.) Though in England, one who enters under an agreement for a lease, or to purchase, is a tenant at will, unless he pays, or agrees to pay rent. Our Courts, in several cases, have consid-

ered it a mere license. (9 *J. R.* 35 *and* 331; 7 *Cow.* 229; 3 *Wend.* 104; 21 *Ib.* 230.)

The Legislature has recognized this interest as a chattel, by providing for its assessment as personal property. (*Sess. L.* 1853, *p.* 131, § 11.)

By the Court, DOUGLASS, J.

The statute (*R. S. ch.* 1, § 3,) declares that the words "real estate" shall be construed to include lands and tenements, and all rights thereto, and interests therein, and provides (*R. S. ch.* 79, § 1,) that all the real estate of the debtor, whether in possession, reversion, or remainder, including lands fraudulently conveyed, &c., may be sold on execution.

A certificate of sale of Primary School Lands, under the act of 1837, (*L.* 1837, *p.* 209,) vests in the purchaser a right to the possession of the land until forfeiture by failure to pay the instalments of purchase money, and a right to a conveyance of the fee when the whole purchase money is paid in the manner provided—it may be recorded like a deed of conveyance, and before forfeiture is sufficient evidence of title to enable the purchaser to maintain trespass or ejectment. (*L.* 1837, *p.* 210, § 14; *R. S., ch.* 60, § 18.) Prior to 1851, we should have inclined to the opinion that the interest of a purchaser of School Lands could not be sold on execution, because there was no provision of law by which the title could become vested in the purchaser at the execution sale, without a resort to a Court of Chancery. The statute only authorized the Governor to issue a Patent for the land on delivering, or presentment to him of the certificate. (*L.* 1837, *p.* 211, § 11; *R. S., ch.* 60, § 8.) And rights to land which a court of law could neither protect or enforce, we think are not within the purview of the statute first above quoted. (*Bogert* vs. *Perry*, 1 *J. Ch.* 52; 17 *J. R.* 350.)

We should long hesitate before adopting the view which once prevailed in New York, (*Jackson* vs. *Parker*, 9 *Cow.*

Kercheval *vs.* Wood & Luther.

73,) but which has not generally been sanctioned elsewhere, (*Modisett.* vs. *Johnson*, 2 *Blackf.* 431; *Orth* vs. *Jennings*, 8 *Ib.* 421; *Barton* vs. *Rushton*, 8 *Desaus*, 375; *Frost & Reynolds*, 4 *Id. Eq.* 494; *Deaver* vs. *Parker*, 2 *Ib.* 44; *Ellis* vs. *Ward*, 7 *S. & M.*, 651; *but see Miner* vs. *Wallace*, 10 *Ohio*, 403; *Jackson* vs. *Williams*, *Ib.* 68,) namely: that where a person is in possession of land under any ordinary contract for the purchase, of which specific performance could only be enforced in equity, his possession is such a legal estate as may be sold on execution, and that as it seems to have been supposed, the sale of this legal estate would carry with it the equitable interest also.

But an act of 1851, which escaped the attention of the counsel upon the argument, (*L.* 1851, *pp.* 84, 85,) provides that "any purchaser of the right, title and interest of the original purchaser" (of school land,) "his heirs or assigns, *at an execution* or mortgage sale, shall be deemed an assignee of the person whose right, title and interest was sold by virtue of such execution or mortgage," and requires the Governor to issue a patent to such purchaser at execution or mortgage sale, upon the presentment to him of the certificate of the Commissioner of the State Land Office, that the whole amount of the purchase money for the land, has been paid, according to law, and that such last named purchaser is entitled to a patent for the land therein described.

This act assumes that such an interest in land as we are considering, is subject to execution—vests the purchaser at execution sale with all the rights of the judgment debtor—and provides a mode by which his title may be perfected without the aid of a Court of Equity.

We are of the opinion that since the taking effect of this act, the interest of a purchaser of primary school land is subject to sale on execution, like other real estate.*

---

* Note.—See Falkner *vs.* Leith, 15 Alab. 9; Goodlet *vs.* Smithson, 5 Port. (La.) 254; Rosser *vs.* Bradford, 9 Ib. 345.

To hold otherwise, would be to disregard an unequivocal legislative construction of previous statutes, and to render the act of 1851 a nullity.

Let it be certified to the Circuit Court, as the opinion of this Court, that the interest of the defendant, Wood, in the lands in question, is subject to sale on the execution in favor of the complainant.